# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENA MARKS,<br><br>        Petitioner,<br><br>    v.<br><br>D.K. JOHNSON,<br><br>        Respondent. | Case No. 1:14-cv-01569-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner confined in Central California Women's Facility in Chowchilla, California, and proceeding *pro se* with a petition for writ of habeas corpus pursuant to the authority of 28 U.S.C. § 2254.

On August 10, 2014, Petitioner filed the instant petition for writ of habeas corpus in the Northern District of California. (Pet., ECF No. 13). On October 3, 2014, the case was transferred to this Court. (ECF No. 18). In the nearly 400 page petition, Petitioner challenges the conditions of her confinement, and she appears to seek medical parole.

## I.

## DISCUSSION

**A. Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it

1

plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to Exhaust State Judicial Remedies

A petitioner who is in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct

alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

A review of the instant petition for writ of habeas corpus reveals that Petitioner has not sought review for her claims in the California Supreme Court. (Pet. at 3-4). It appears that Petitioner has filed inmate complaints, but she has not sought review for her claims in the state courts. (Id.). Since Petitioner has not presented all of her claims to the highest state court, the Court cannot proceed to the merits of those claims, and the petition should be dismissed without prejudice. See 28 U.S.C. § 2254(b)(1).

**C. Failure to State Cognizable Claim**

The petition should also be dismissed to the extent that Petitioner is challenging the conditions of her confinement, and not the legality or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that she should be released to a medical care facility on medical parole because her medications are not being monitored in state prison, she does not have bed assistance equipment and medical accessibility in prison, and the staff does not let her take nitroglycerin. Therefore, it appears that Petitioner is challenging the conditions of her confinement. To the extent that Petitioner is challenging the conditions of her confinement, she is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner

wish to pursue her claims challenging the conditions of her confinement, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.  The Court expresses no opinion as to the merits of such a civil rights complaint.

As it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

A habeas petition may be construed as a Section 1983 civil rights complaint, but a court is not required to do so.  Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  There have been significant changes in the law post-Wilwording, such as a change in fees.  The filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven.  However, the fee is now $400 for civil rights cases and under the Prisoner Litigation Reform Act, the prisoner is required to pay it by way of deductions from income to the prisoner's trust account, even if granted in forma pauperis status.  See 28 U.S.C. § 1915(b)(1).  A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights compliant for which the $400 fee would be deducted from income to his or her account.  In addition, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, the case should be Dismissed without prejudice.  The Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this order.

## II.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 16, 2014**

UNITED STATES MAGISTRATE JUDGE